UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x DKT#:
PAUL CICI,

                      Plaintiffs,                  **COMPLAINT**

     - against -                     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                   **VIA ECF**
P.O. ANGELO RUBANO (Shield # 11692),
P.O. "JOHN DOE" # 1-10, individually and in their
official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------x

    Plaintiff, PAUL CICI by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PAUL CICI, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. The Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. ANGELO RUBANO and P.O. "JOHN DOE" #1-10, were duly sworn police officers of The New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On October 5, 2012, at approximately 6:20 a.m., P.O. ANGELO RUBANO and P.O. "JOHN DOE" #1-10 executed a Search Warrant at Plaintiff's residence located at 7325 4th Avenue in the County of Kings, State of New York.

14. When the defendant police officers entered the apartment they promptly came into contact with the Plaintiff.

15. The Plaintiff raised his hands showing surrender, made no furtive movements, and engaged in no threatening behavior whatsoever.

16. P.O. ANGELO RUBANO and P.O. "JOHN DOE" #1-10 grabbed the Plaintiff, violently threw him to the ground, and struck Plaintiff's his head into the ground causing a laceration, bleeding, and pain and suffering.

17. The actions of P.O. ANGELO RUBANO and P.O. "JOHN DOE" #1-10, were knowing, intentional, willful and malicious, and the injuries, pain, and suffering inflicted upon the Plaintiff was inflicted without probable cause, privilege, consent, and without any justification.

18. Upon information and belief, the source of which is the Plaintiff's criminal defense attorney Ms. Renee Seman of Brooklyn Defender Services, a fellow police officer reported the unlawful conduct of P.O. ANGELO RUBANO and P.O. "JOHN DOE" #1-10 to the Civilian Complaint Review Board. The Civilian Complaint Review Board contacted Ms. Renee Seman for further information concerning the excessive force used against the Plaintiff. While the Civilian Complaint Review Board could not provide details about the complaint, or who

specifically made the complaint, the Civilian Complaint Review Board confirmed to Ms. Seman that it was another Police Officer that reported the incident.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through 18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

21. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

24. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. That the level of force employed by defendants against Plaintiff was objectively unreasonable and in violation of Plaintiff's constitutional rights.

27. As a result of the foregoing, both plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. Defendants subjected the Plaintiff to excessive force.

30. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

32. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not

limited to the following unconstitutional practices:

    (a) Failing to properly train, in general;

    (b) Failing to supervise police officers;

    (c) Subjecting persons to violations of their constitutionally protected rights;

    (d) Subjecting persons to excessive force.

33. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

    (a) Three (3) prior Federal Civil Rights lawsuits filed against P.O. ANGELO RUBANO under the following Civil Case Numbers:

        a. 1:2011-cv-03121
        b. 1:2012-cv-03776
        c. 1:2012-cv-03423

34. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

35. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

36. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

37. As a result of the foregoing, both plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and

damage to reputation.

## DAMAGES AND RELIEF REQUESTED

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A. To be free from the Excessive Use of Force;

    B. To receive equal protection under the law.

40. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands that the Court enter a judgment in the sum of one million dollars ($1,000,000.00) in special and compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       February 28, 2013

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiffs*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832